[Civ. No. 8880.   Second Appellate District, Division Two.—December 17, 1934.]

WALTER N. REES et al., Respondents, v. BERNICE ALLISON CHASE et al., Defendants; P. EARL PARKS, Appellant.

Lon A. Brooks for Appellant.

No appearance for Respondents.

WILLIS, J., *pro tem.*—In the court below respondents sued defendant Bernice A. Chase and appellant P. Earl Parks for damages for the death of their minor son, aged eighteen years, as a result of a collision between the automobiles of the respective defendants at a street intersection, the complaint alleging that deceased was a passenger and guest of appellant in his automobile and that both defendants operated their respective automobiles so carelessly and negligently that a collision resulted. The cause was tried before a jury which rendered its verdict against both defendants in the sum of $4,000, on which judgment was entered. Appellant moved for a new trial on the statutory grounds, which motion was denied. He alone appeals from the judgment on a record prepared under section 953a of the Code of Civil Procedure.

Appellant's points are (1) that the evidence is insufficient to support the implied finding of gross negligence on his part, (2) erroneous instructions given at the request of plaintiffs, (3) excessive damages, and (4) error in denying the motion for new trial. No question is raised as to the sufficiency of the complaint to constitute a cause of action based on gross negligence in an automobile guest case.

The transcript of the evidence reveals this to be a case of collision between automobiles at a city street intersection, arising directly out of excessive speed under the circumstances existing at the time and place where it occurred, but with the additional claim herein of gross negligence on the part of appellant; and the case rests on the question of sufficiency of the evidence to support the implied finding of gross negligence. Under the evidence herein the question whether appellant was guilty of gross negligence was essentially one for the determination of the jury. After carefully reviewing the evidence we cannot say that there was a lack of evidence upon which to base the jury's conclusions.

Appellant complains of instruction number 10, given at plaintiffs' request, contending that by its language it sought to charge the jury on a question of fact, namely, that they must find the negligence of appellant to be a proximate cause of the collision. The portion objected to

as a charge of fact is, however, limited and qualified by a succeeding sentence reading "before you may render a verdict against him". The instruction read as a whole fairly and correctly states the law.

It is also contended that the damages awarded by the jury are excessive. The sum of $1412.60 was established by proofs as special damage, and the residue of the $4,000 awarded was compensation to the parents of deceased, given under appropriate and correct instructions as to the measure thereof to be used by the jury. We cannot say that the amount awarded for loss of the comfort, society, protection and earnings of the deceased son, as shown by the evidence is "obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury". (*Van Der Hoof* v. *Chambon,* 121 Cal. App. 118 [8 Pac. (2d) 925, 932].)

The motion for new trial was properly denied and the judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.